# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09cr117

| | |
|---|---|
| JAMES YARBOROUGH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the court on petitioner's February 6, 2012, letter (#19), in which he takes issue with the manner in which the Bureau of Prisons has calculated his jail credit. This petitioner's second letter to the court concerning calculation of jail credit. Petitioner appears to be housed in FCI Butner, which is located in the Middle District of North Carolina.

As to determining proper credit for time served in jail, the Supreme Court has held that only the Attorney General, through the Bureau of Prisons, may compute jail credit. See United States v. Stubbs, No. 97-4948, 1998 WL 387253, at *1 (4th Cir. June 24, 1998) *(per curiam)* (citing United States v. Wilson, 503 U.S. 329 (1992)). Further, inasmuch as petitioner is not housed in this district and is calling into question the duration of his incarceration, petitioner is advised that the Western District of North Carolina is not the proper forum for that concern. Petitioner should direct any concerns he may have to the United States Court for the Middle District of North Carolina as a motion brought under 28, United States Code, Section 2241, in the district in which petitioner is incarcerated. See Delfino v. Berkebile, 2011 WL 1088013 (S.D.W.Va. Mar.23, 2011).

In this case, review of the judgment reveals no intent by the sentencing judge to run the federal sentence concurrent with any state sentence:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of thirty (30) months. This sentence shall run concurrently to the sentence imposed in the Supervised Release Revocation with regard to case number 3:04cr97.

(Doc. No. 13: Judgment). As defendant's letter shows some confusion over state and federal sentencing, the court will provide a brief summary which may aid defendant in understanding his sentence. When a federal sentence is imposed on a defendant in state custody, the federal sentence may commence when the Attorney General agrees to designate the state facility for service of the federal sentence, authority which is vested in the BOP under 18 U.S.C. § 3621. The earliest date a federal sentence can commence is the date it is imposed. A federal sentence does not begin to run when a federal defendant is produced for prosecution by a federal writ of habeas corpus ad prosequendum from state custody. Thomas v. Whalen, 962 F.2d 358 (4th Cir. 1992). The state authorities retain primary jurisdiction over the prisoner and federal custody does not commence until state authorities relinquish the prisoner on satisfaction of the state obligation. The fact that a state court may have attempted to run its sentence concurrent with a federal sentence that had been imposed, but not commenced because defendant was then in state custody, is no a basis for this court to alter or amend its judgment.

## ORDER

**IT IS, THEREFORE, ORDERED** that the relief sought in petitioner's February 6, 2012, letter (Doc. No. 19) is **DENIED** for the reasons discussed above.

Signed: February 14, 2012

Max O. Cogburn Jr.
United States District Judge