**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cv____-MOC
[3:09cr117-1]**

| | |
|---|---|
| JAMES FRANKLIN YARBOROUGH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **60-DAY ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on petitioner's letter to the court dated April 5, 2012, and filed April 10, 2012, in <u>United States v. Yarborough</u>, 3:09cr117 (W.D.N.C.). Having conducted an initial review of such letter, the court deems it to be in the nature of a Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**I.   Initial Screening**

The court has conducted an initial screening of the petition under the Rules Governing § 2255 Proceedings, Rule 4(b) 28 U.S.C. §2255, and finds: (1) the petition has been signed, but not under penalty of perjury, as required by Rule 2(b)(5), 28 U.S.C. § 2255; (2) that petitioner has provided indicia that the petition was filed within one year of a decision issued by the Supreme Court, which he contends has initially recognized the asserted right he attempts to assert herein, § 2255(f)(3);[1] and (3) petitioner has asserted an arguable claim for

---

[1]   The decision cited by the petitioner does not expressly address whether it is to be applied retroactively. The Court of Appeals for the Fourth Circuit held in <u>United States v. Thomas</u>, 627 F.3d 534 (4th Cir. 2010), as follows:

> We now join those circuits that have considered the issue and hold that § 2255(f)(3) does not require that the initial retroactivity question be decided in the

-1-

relief cognizable under § 2255(a) as discussed below. Upon consideration of the motion and the record of prior proceedings, the court determines that the United States Attorney should file a response to the Petitioner's allegations. Id. For the reasons stated below, the court will also appoint counsel to assist petitioner as provided in § 2255(g).

## II.     Issues Presented

In his letter, petitioner contends that the sentencing judge erred by failing to specify in the Judgment whether the 30 month sentence he imposed in 3:09cr117 was to be run concurrently with or consecutive to an unimposed but anticipated state-court sentence. Petitioner states that while this court imposed its sentence on March 26, 2010, he was immediately returned to state authorities and did not begin to serve his term of federal imprisonment until September 13, 2011.

Section 2255(b) requires that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof

---

affirmative only by the Supreme Court. *See Wiegand v. United States*, 380 F.3d 890, 892 (6th Cir.2004) (holding that "any federal court can make the retroactivity decision" for purposes of § 2255(f)(3)); *Dodd v. United States*, 365 F.3d 1273, 1278 (11th Cir.2004) (noting that "every circuit to consider this issue has held that a court other than the Supreme Court can make the retroactivity decision for purposes of § 2255[ (f) ](3)"), *aff'd* 545 U.S. 353, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005); *United States v. Swinton*, 333 F.3d 481, 486, 487 (3d Cir.2003) (concluding that "the statute of limitations provision of § 2255 allows district courts and courts of appeals to make retroactivity decisions" and that this "may be essential to put the question before the Supreme Court for final resolution"); *Fischer v. United States*, 285 F.3d 596, 599-600 (7th Cir.2002) (noting that "district and appellate courts, no less than the Supreme Court, may issue opinions holding that a decision applies retroactively to cases on collateral review" (internal quotation marks and alteration omitted)); *United States v. Lopez*, 248 F.3d 427, 432 (5th Cir.2001) (holding that section 2255(f)(3) "does not require that the retroactivity determination must be made by the Supreme Court itself").

Id., at 536-37. While the appellate court goes on to discuss what decisions are generally applied retroactively and which are not, the court believes that such discussion may be better addressed if later briefed.

to be served upon the United States attorney ...." Reading the letter in a light most favorable to him as the statute requires, petitioner appears to assert that the Supreme Court has, for the first time, recognized that a defendant has a right to have a federal district judge determine whether a federal sentence is to be run concurrently with or consecutive to an unimposed but anticipated state sentence, and that such right did not arise until March 28, 2012, when the Supreme Court issued its decision in Setser v. United States, ___ U.S. ___, 2012 WL 1019970 (2012), making such request timely under § 2255(f)(3). In Setser, the Court stated that

> It is fundamental that we construe statutes governing the jurisdiction of the federal courts in light of "the common-law background against which the statutes ... were enacted," *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 359, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989), and the same approach is appropriate here, where the issue concerns a matter of discretion traditionally committed to the Judiciary. Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings. *See Oregon v. Ice*, 555 U.S. 160, 168–169, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009). And a large majority of the federal appellate courts addressing the question have recognized a similar authority in the context here, where a federal judge anticipates a state sentence that has not yet been imposed. *See Salley v. United States*, 786 F.2d 546, 547 (C.A.2 1986); *Anderson v. United States*, 405 F.2d 492, 493 (C.A.10 1969) (*per curiam*); *United States ex rel. Lester v. Parker*, 404 F.2d 40, 41–42 (C.A.3 1968) (per curiam); *United States v. Kanton*, 362 F.2d 178, 179–180 (C.A.7 1966) (per curiam); *but see United States v. Eastman*, 758 F.2d 1315, 1317 (C.A.9 1985) We find nothing in the Sentencing Reform Act, or in any other provision of law, to show that Congress foreclosed the exercise of district courts' sentencing discretion in these circumstances.

]Id., 2012 WL at * 3 (footnote omitted). While the court ultimately denied relief to the defendant in Setser, the Court mentioned that defendant "identifies no flaw in the District Court's decisionmaking process, nor anything available at the time of sentencing that the District Court failed to consider." Id., 2012 WL, at *7.

In conducting the initial screening, this court has also considered the "files and records

of the case," 28 U.S.C. § 2255(b), including the sentencing information that was before the court. The Final Presentence Report advised that serious charges were pending in state court at the time of sentencing. See Presentence Report(#8), at ¶ 37. While the court does not know whether the potential impact of such pending charge was discussed at sentencing (as was available at the time of initial screening), it is clear from review of the Judgment that no determination is set forth as to whether the 30 month sentence imposed in this case was to be run concurrently with or consecutive to any unimposed but anticipated state sentence.

Against that backdrop, the court finds that petitioner has made the following contention:

> I.  The sentence was imposed in violation of the Constitution or the laws of the United States because the sentencing court failed to consider whether the sentence should be run concurrently with or consecutive to any sentence that might be imposed on then pending charges in state court, inasmuch as the sentencing court had such information before it at the time of sentencing.

The Court will direct that the United States file an Answer or other responsive pleading in this case within sixty (60) days.

***

The court notes that by requiring an answer or other responsive pleading, it takes no position on the merits or viability of such claim, only that petitioner has presented an arguable or colorable claim meriting a response from the government. Indeed, other language in Setser may well indicate that petitioner's remedy is not under Section 2255, but in the BOP filing a motion under 18 U.S.C. § 3582(c)(1)(A). Id., at *6-*7. Further, the court notes that the connection between the federal count of conviction and the pending state charges is not readily apparent from the Presentence Report, the absence of which may well be a barrier to running the sentences concurrently.

### III. Appointment of Counsel

In conducting such screening, the court has also considered whether it would be appropriate to appoint counsel to assist petitioner as provided in § 2255(g). While petitioner has voiced his concern in a very intelligible and polite manner in his letter, the court finds that the issue raised is both novel and complex, and will likely be met with a well-reasoned dispositive motion. Review of the pleadings reveals that petitioner was ably represented by S. Frederick Winiker, III, at sentencing and, based on the court's personal knowledge of Mr. Winiker's skill set, he would be of great assistance in moving this matter forward in an efficient manner. The court will, therefore, appoint Mr. Winiker in accordance with 18 U.S.C. § 3006A. Mr. Winiker is advised that one of his first tasks is to have his client file a verification of his petition.

### ORDER

**IT IS, THEREFORE, ORDERED** that

1. not later than sixty (60) days, the United States Attorney shall file an Answer or other responsive pleading to petitioner's Motion to Vacate, Set Aside, or Correct Sentence, detailing and responding to petitioner's allegations; and
2. in accordance with 18 U.S.C. § 3006A, S. Frederick Winiker, III, is **REAPPOINTED** to represent petitioner in this matter.

The Clerk of this Court is instructed to send a copy of this Order to S. Frederick Winiker, III, and the United States Attorney.

Signed: April 12, 2012

Max O. Cogburn Jr.
United States District Judge